**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., | ) Case No. 22-90039 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 61-1721523 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS MUNICIPAL WATER SERVICES, LLC, | ) Case No. 22-90036 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1285974 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, LLC, | ) Case No. 22-90038 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 90-0807385 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS BROWN INTEGRITY, LLC, | ) Case No. 22-90037 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-2223455 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - 1804 SWD, LLC, | ) Case No. 22-90040 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-3049110 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - BAKKEN, LLC, | ) Case No. 22-90041 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1259092 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - GRASSY BUTTE SWD, LLC, | ) Case No. 22-90042 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 45-3049047 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - GREEN RIVER SWD, LLC, | ) Case No. 22-90043 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4851534 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MANNING SWD, LLC, | ) Case No. 22-90044 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 37-1634247 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MORK SWD, LLC, | ) Case No. 22-90045 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 47-2460761 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MOUNTRAIL SWD, LLC, | ) Case No. 22-90046 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1194977 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - TIOGA SWD, LLC, | ) Case No. 22-90047 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-4503230 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - WILLIAMS SWD, LLC, | ) Case No. 22-90048 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1183840 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL - PUC, LLC, | ) Case No. 22-90049 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 88-1568637 | ) |
| | |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL MANAGEMENT - TIR, LLC, | ) Case No. 22-31273 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-4295803 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL MANAGEMENT, LLC, | ) Case No. 22-90050 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 61-1694753 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL SERVICES, LLC, | ) Case No. 22-90051 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-3167770 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TULSA INSPECTION RESOURCES - PUC, LLC, | ) Case No. 22-90052 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-4402514 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TULSA INSPECTION RESOURCES, LLC, | ) Case No. 22-90053 (MI) |
| | ) |
| Debtor. | ) (Emergency Hearing Requested) |
| | ) |
| Tax I.D. No. 37-1744632 | ) |

**DEBTORS' <u>EMERGENCY</u> MOTION
FOR ENTRY OF AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested.  Relief is requested not later than 1:30 p.m. on May 9, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

> **A hearing will be conducted on this matter on May 9, 2022 at 1:30 p.m. in Courtroom 404, 4th floor, Bob Casey United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case and complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

## **<u>RELIEF REQUESTED</u>**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases (as defined below) and (b) granting related relief. Specifically, the Debtors request that the Clerk of the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") maintain one file and one docket for all of these Chapter 11 Cases under the case of Cypress Environmental Partners, L.P., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[1] | ) | Case No. 22-90039 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3.      Additionally, the Debtors' request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Cypress Environmental Partners, L.P., to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: Cypress Environmental Partners, L.P., Case No. 22-90039; Cypress Municipal Water Services, LLC, Case No. 22-90036; Cypress Environmental Partners, LLC, Case No. 22-90038; Cypress Brown Integrity, LLC, Case No. 22-90037; Cypress Energy Partners - 1804 SWD, LLC, Case No. 22-90040; Cypress Energy Partners - Bakken, LLC, Case No. 22-90041; Cypress Energy Partners - Grassy Butte SWD, LLC, Case No. 22-90042; Cypress Energy Partners - Green River SWD, LLC, Case No. 22-90043; Cypress Energy Partners - Manning SWD, LLC, Case No. 22-90044; Cypress Energy Partners - Mork SWD, LLC, Case No. 22-90045; Cypress Energy Partners -

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

Mountrail SWD, LLC, Case No. 22-90046; Cypress Energy Partners - Tioga SWD, LLC, Case No. 22-90047; Cypress Energy Partners - Williams SWD, LLC, Case No. 22-90048; Cypress Environmental - PUC, LLC, Case No. 22-90049; Cypress Environmental Management - TIR, LLC, Case No. 22-31273; Cypress Environmental Management, LLC, Case No. 22-90050; Cypress Environmental Services, LLC, Case No. 22-90051; Tulsa Inspection Resources - PUC, LLC, Case No. 22-90052; and Tulsa Inspection Resources, LLC, Case No. 22-90053. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90039 (MI).

## JURISDICTION AND VENUE

4.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

5.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003, and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

7.       On May 8, 2022 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committee has been appointed or designated.

8.       The Debtors provide inspection, water treatment, and other environmental services that help their customers protect people, property, infrastructure, and the environment with a focus

on safety and sustainability.  The Debtors' primary business, inspection services, provides essential environmental services, including inspection and integrity services on a variety of infrastructure assets such as midstream pipelines, oil and gas well gathering systems, natural gas plants, storage facilities, pumping stations, compression stations, and natural gas distribution systems.   The Debtors' primary business includes visual inspection, non-destructive testing and examination, and in-line inspection support services, for pipeline and energy infrastructure owners and operators and natural gas public utilities that serve our communities.  Under the environmental services segment, the Debtors own and operate water treatment facilities in North Dakota where they specialize in the treatment, recovery, separation, and disposal of waste byproducts generated by their customers during the lifecycle of an oil or natural gas well.  The Debtors provide quality services in a safe, professional, ethical, and cost effective manner adding value to their clients throughout the life of their assets.

9.      Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the emergency need for the relief requested in this Motion, are set forth in detail in the *Declaration of Peter C. Boylan III, Chairman & Chief Executive Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith and incorporated herein by reference.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the First Day Declaration.

**BASIS FOR RELIEF**

10.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  The Debtors in these cases are "affiliates" of each other as the term is defined in section 101(2) of the Bankruptcy Code[3] and as used in Bankruptcy Rule 1015(b).  Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

11.     Joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity.  The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration also will allow the United States Trustee and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

12.     Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.  Accordingly, the Debtors respectfully submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest and should be approved.

---

[3]     "Affiliate" is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor. . . ." 11 U.S.C. § 101(2)(B).

## **EMERGENCY CONSIDERATION**

13.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which allows this Court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and any delay in granting the relief requested could jeopardize the Debtors' ability to restructure.  The Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis in order to preserve the ongoing value of the Debtors' estates.

## **NOTICE**

14.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Prepetition First Lien Lender and Prepetition First Lien Agent (each as defined in the DIP Motion);[4] (d) the DIP Lender and DIP Agent (each as defined in the DIP Motion); (e) the Office of the United States Attorney for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule

---

[4]    "<u>DIP Motion</u>" means the *Debtors' Emergency Motion for the Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Utilize Cash Collateral of the Prepetition First Lien Secured Parties, (II) Granting Adequate Protection to the Prepetition First Lien Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed contemporaneously herewith.

2002.  In view of the nature of the relief requested, the Debtors respectfully submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

The Debtors respectfully request entry of the Order, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: May 9, 2022
    Houston, Texas

/s/ *James Grogan*

**PAUL HASTINGS LLP**
James Grogan (TX Bar No. 24027354)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email: jamesgrogan@paulhastings.com

-and-

Justin Rawlins (*pro hac vice* admission pending)
1999 Avenue of the Stars, 27th Floor
Century City, California 90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899
Email:  justinrawlins@paulhastings.com

-and-

Matthew Micheli (*pro hac vice* admission pending)
Matthew Smart (*pro hac vice* admission pending)
Michael Jones (*pro hac vice* admission pending)
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100
Email:  mattmicheli@paulhastings.com
        matthewsmart@paulhastings.com
        michaeljones@paulhastings.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

_/s/ James Grogan_
James Grogan


## **Certificate of Service**

I certify that on May 9, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ James Grogan_
James Grogan

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., | ) Case No. 22-90039 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 61-1721523 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS MUNICIPAL WATER SERVICES, LLC, | ) Case No. 22-90036 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1285974 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL PARTNERS, LLC, | ) Case No. 22-90038 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 90-0807385 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS BROWN INTEGRITY, LLC, | ) Case No. 22-90037 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-2223455 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - 1804 SWD, LLC, | ) Case No. 22-90040 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-3049110 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - BAKKEN, LLC, | ) Case No. 22-90041 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1259092 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - GRASSY BUTTE SWD, LLC, | ) Case No. 22-90042 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-3049047 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - GREEN RIVER SWD, LLC, | ) Case No. 22-90043 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4851534 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MANNING SWD, LLC, | ) Case No. 22-90044 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 37-1634247 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MORK SWD, LLC, | ) Case No. 22-90045 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 47-2460761 | ) |

2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - MOUNTRAIL SWD, LLC, | ) Case No. 22-90046 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1194977 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - TIOGA SWD, LLC, | ) Case No. 22-90047 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-4503230 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENERGY PARTNERS - WILLIAMS SWD, LLC, | ) Case No. 22-90048 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-1183840 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL - PUC, LLC, | ) Case No. 22-90049 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 88-1568637 | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL MANAGEMENT - TIR, LLC, | ) Case No. 22-90049 (MI) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 46-4295803 | ) |

3

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL MANAGEMENT, LLC, | ) Case No. 22-90050 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 61-1694753 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CYPRESS ENVIRONMENTAL SERVICES, LLC, | ) Case No. 22-90051 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 46-3167770 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TULSA INSPECTION RESOURCES - PUC, LLC, | ) Case No. 22-90052 (MI) |
| | ) |
|     Debtor. | ) |
| | ) |
| Tax I.D. No. 46-4402514 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TULSA INSPECTION RESOURCES, LLC, | ) Case No. 22-90053 (MI) |
| | ) |
|     Debtor. | ) (Emergency Hearing Requested) |
| | ) **Re: Docket No. ___** |
| Tax I.D. No. 37-1744632 | ) |

**ORDER (I) DIRECTING JOINT
ADMINISTRATION OF CASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") (a) directing procedural

consolidation and joint administration of these Chapter 11 Cases and (b) granting related relief, all

as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall by jointly administered by this Court under lead case: Cypress Environmental Partners, L.P., Case No. 22-90039 (MI).  Additionally, the following checked items are ordered:

> ☒      One disclosure statement and plan of reorganization may be filed for all of the cases by any plan proponent.

> ☒      Parties may request joint hearings on matters pending in any of the jointly administered cases.

> ☒      Other: See below.

2.     The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CYPRESS ENVIRONMENTAL PARTNERS, L.P., *et al.*,[2] | ) | Case No. 22-90039 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

3.     The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4.     A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors, and any related Debtor affiliates that subsequently commence chapter 11 cases, other than Cypress Environmental Partners, L.P., to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: Cypress Environmental Partners, L.P., Case No. 22-90039; Cypress Municipal Water Services, LLC, Case No. 22-90036; Cypress Environmental Partners, LLC, Case No. 22-90038; Cypress Brown Integrity, LLC, Case No. 22-90037; Cypress Energy Partners - 1804 SWD, LLC, Case No. 22-90040; Cypress Energy Partners - Bakken, LLC, Case No. 22-90041; Cypress Energy Partners - Grassy Butte SWD, LLC, Case No. 22-90042; Cypress Energy Partners - Green River SWD, LLC, Case No. 22-90043; Cypress

---

[2]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Cypress Environmental Partners, L.P. (1523); Cypress Municipal Water Services, LLC (5974); Cypress Environmental Partners, LLC (7385); Cypress Brown Integrity, LLC (3455); Cypress Energy Partners - 1804 SWD, LLC (9110); Cypress Energy Partners - Bakken, LLC (9092); Cypress Energy Partners - Grassy Butte SWD, LLC (9047); Cypress Energy Partners - Green River SWD, LLC (1534); Cypress Energy Partners - Manning SWD, LLC (4247); Cypress Energy Partners - Mork SWD, LLC (0761); Cypress Energy Partners - Mountrail SWD, LLC (4977); Cypress Energy Partners - Tioga SWD, LLC (3230); Cypress Energy Partners - Williams SWD, LLC (3840); Cypress Environmental - PUC, LLC (8637); Cypress Environmental Management - TIR, LLC (5803); Cypress Environmental Management, LLC (4753); Cypress Environmental Services, LLC (7770); Tulsa Inspection Resources - PUC, LLC (2514); and Tulsa Inspection Resources, LLC (4632).  The Debtors' service address for the purposes of these chapter 11 cases is 5727 South Lewis Avenue, Suite 300, Tulsa, Oklahoma 74105.

Energy Partners - Manning SWD, LLC, Case No. 22-90044; Cypress Energy Partners - Mork SWD, LLC, Case No. 22-90045; Cypress Energy Partners - Mountrail SWD, LLC, Case No. 22-90046; Cypress Energy Partners - Tioga SWD, LLC, Case No. 22-90047; Cypress Energy Partners - Williams SWD, LLC, Case No. 22-90048; Cypress Environmental - PUC, LLC, Case No. 22-90049; Cypress Environmental Management - TIR, LLC, Case No. 22-31273; Cypress Environmental Management, LLC, Case No. 22-90050; Cypress Environmental Services, LLC, Case No. 22-90051; Tulsa Inspection Resources - PUC, LLC, Case No. 22-90052; and Tulsa Inspection Resources, LLC, Case No. 22-90053. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 22-90039 (MI).

5.      The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

6.      Any party in interest may request joint hearings on matters pending in any of these Chapter 11 Cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      The requirements set forth in Bankruptcy Local Rule 9013-1(b) are satisfied by the contents of the Motion.

9.      The Court finds and determines that the requirements of Bankruptcy Rule 6003(b) are satisfied and that the relief is necessary to avoid immediate and irreparable harm.

10.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: _____, 2022
        Houston, Texas

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE